*170
 
 PEARSON, J.
 

 Possession is necessary to sustain tbe action. The plaintiff had not actual possession, and the question' is, did he have the legal title, which draws to it the possession ? The resulting trust of a debtor, who has con- , veyed land in trust, for the payment of 'creditors, is in the nature of an equity of redemption, and may be sold at execution sale, under the act of 1812. The plaintiff’s title, is that of a purchaser of such an interest or equity of redemption, and the act of 1812 directs ¡the sheriff to set out in his deed, that the land, at the time'of the sale, was under mortgage, so the deed of the plaintiff shows upon its face that he is entitled only to the equity of redemption. It is difficult to conceive of any ground upon which he can maintain the position that ho has the legal title: clearly, the legal title is in the trustee, and it involves a manifest incongruity ¡to ®xppose that it is also in the plaintiff. The only way in which he can get ithe legal title, is to redeem <or pay the debts secured in the deed of trust, and call upon the trustee -for a conveyance. 'This he has aaot done., .and consequently he has not the rights ¡of the legal owner.
 

 The plaintiff’s counsel relied on Davis v. Evans, 5 Ired. 525. That was ejectment by the purchaser of an equity of redemption, at execution sale, against
 
 the defendant in the
 
 ..execution.. It was held, that the plaintiff could recover, owing to the peculiar relation which, by force of the act of 1812, ¡exists between the parties, giving to the purchaser the right to require the possession to be surrendered by the debtor, who cannot be heard to say to one who has paid his debt, that he had no interest; to this extent, and for the purpose of enabling the purchaser to recover the possession from the debtor, the Court supposes that the purchaser takes .a legal interest under the act -of 1812, notwithstanding the legal ownership of the trustee; but the fiction is expressly confined to an .action ¡of ejectment between the parties, and
 
 *171
 
 cannot be extended to affect any other person, or to support any-other action.
 

 Judgment affirmed.